IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-CV-21301-KMM

NEW PHARMA, INC.,

    Plaintiff,

vs.

PHARMA-NATURAL, INC.,

    Defendant.

_____/

**<u>FINAL JUDGMENT</u>**

THIS CAUSE came before the Court upon the Joint Stipulation for Entry of Final Judgment (ECF No. 35), filed by the Parties after a settlement was reached in the above-styled action. The Parties have agreed and stipulated that there are no genuine issues of fact or law in dispute between the Parties and that all matters in this civil action have been settled.

UPON CONSIDERATION of the Joint Stipulation, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby

ORDERED and ADJUDGED as follows:

1. Plaintiff New Pharma, Inc. ("New Pharma") is the owner of all rights, title and interest in the name and mark ALMEBEX, based on its use of this mark for liquid dietary multivitamin supplements from 1984 to present.

2. Plaintiff has the exclusive right to use the name and mark ALMEBEX in Florida and in interstate commerce throughout the United States and Puerto Rico for liquid dietary multivitamin supplements.

3. The mark ALMEBEX is valid, subsisting and enforceable as against Defendant

Pharma-Natural, Inc. ("Pharma-Natural").

4. Effective as of the date of this final judgment, Defendant, its divisions, related companies, officers, directors, principals, owners, agents, servants, employees, attorneys and all persons acting in concert or participation with them who receive actual notice of this order, be permanently enjoined from:

   (a) using the ALMEBEX mark, in any form or in any manner, in connection with Defendant's nutritional and dietary supplements products business or any mark which is confusingly similar to the ALMEBEX mark, in any form or in any manner;

   (b) committing any acts calculated to cause the public to believe that Defendant and/or any of Defendant's products are associated with, affiliated with or sponsored by Plaintiff or are authorized by Plaintiff, in whole or in part;

   (c) otherwise competing unfairly with Plaintiff in any manner;

   (d) attempting, causing, or assisting others with any of the above-described acts;

   (e) engaging in the commercial manufacture, use, offer for sale, or sale within the United States and Puerto Rico, or importation into the United States and Puerto Rico, of the ALMEBEX dietary supplements; and

   (f) continuing to maintain registration of the ALMEBEX mark in the Defendant's name before the United States Patent and Trademark Office.

5. Defendant is ordered to surrender and cancel its registration with the United States Patent and Trademark Office the ALMEBEX mark in the name of the

Defendant;

6. All claims pleaded by Plaintiff against Defendant other than the claim for injunctive relief granted by ¶¶ 4–5 of this Final Judgment, and all claims and counterclaims which Defendant has pleaded against Plaintiff/Counter-Defendant New Pharma, and Third-Party Defendants Victor G. Farinas and Margarita Farinas are hereby DISMISSED WITH PREJUDICE, with each party to bear its own costs and attorneys' fees.

7. This Final Judgment shall be binding upon Plaintiff, Defendant, and Third Party Defendants, and each of their respective officers, agents, servants, employees, attorneys, and successors and assigns, and upon those persons in active concert or participation with them who receive actual notice thereof by personal service or otherwise.

8. The Court shall retain jurisdiction of this civil action to resolve any issues arising of any claim of violation of or noncompliance with this Final Judgment and/or the Confidential Trademark Settlement Agreement between the Parties in settlement of this civil action.

9. In accordance with § 34 of the Federal Trademark Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Commissioner of Patents and Trademarks of the entry of this Final Judgment, which shall then be entered by the Commissioner in the records of the United States Patent and Trademark Office.

10. The Parties shall abide by the terms of the Confidential Trademark Settlement Agreement.

11. All pending motions not otherwise ruled upon are hereby DENIED AS MOOT.

11. The Clerk of the Court shall CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>15th</u> day of August, 2013.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All parties and counsel of record